UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
EDWIN VALENTIN,

    Plaintiff,

vs.                                **COMPLAINT**

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES,

    Defendant.
---------------------------------------------------------------x

**07 CIV. 7066**

**BRIEANT**

## I. **PARTIES**

1. Plaintiff, Edwin Valentin, is a resident of the City of Middletown, New York, County of Orange, within this judicial district.

2. Plaintiff Valentin works, as he has since June 1994, for defendant, New York State Department of Correctional Services [DOCS].

3. Defendant DOCS is located in Albany, New York, but operates throughout the State of New York.

4. Plaintiff has been employed at the Downstate Correctional Facility [DCF] in Fishkill, New York continuously since 1997.

## II. **JURISDICTION**

5. As plaintiff has filed a timely complaint of employment discrimination with the EEOC, and as he has received a right to sue letter from the notice of dismissal of his case within the last ninety [90] days, this Court has jurisdiction over this case pursuant to 42 U.S.C. sec. 2000e, et. seq. and 28 U.S.C. secs. 1331 and 1343 (3) & (4).

III. **FACTUAL ALLEGATIONS**

6. Plaintiff is of Hispanic national origin and, as such, is a member of a class protected by Title VII of the Civil Rights Act of 1964, as amended.

7. In August 2003, plaintiff applied for, and in October 2003, plaintiff was appointed, to the position of Maintenance Supervisor 1 [MS1].

8. DOCS set the minimum qualifications for the MS1 position.

9. Those minimum qualifications required the successful candidate to have "five years journeyman level experience in building trades" which included three years of journeyman level experience in testing, calibration, maintenance and repair of complex electronic systems and equipment in buildings and building complexes including alarm systems, closed circuit television, telephone, computer and computer networks.

10. Before this posting, DOCS had not required candidates for the MS1 position to have both computer and electronic experience.

11. On or about August 29, 2003, DOCS amended the posting requiring, only that the successful candidate have "one year experience as a skilled tradesperson with appropriate experience."

12. This dilution of requirements followed a complaint concerning the first posted qualifications by a white union representative, Barbara DeSimone, who complained that the agency had replaced prior requirements with more rigorous ones.

13. DOCS appointed plaintiff to the MS1 position effective October 16, 2003.

14. This appointment triggered a grievance by four white workers who had greater

seniority than plaintiff, but less expertise.

15. These grievants complained that DOCS had upgraded the requirements of the position, effectively by-passing more senior, less qualified workers.

16. Plaintiff worked in the MS1 position for more than 15 months, passing his probationary period without any difficulty.

17. During this time period, he received an excellent evaluation from the Plant Superintendent.

18. Despite his obvious qualifications to hold the position and his stellar work performance, based on a "paper" arbitration proceeding, DOCS demoted plaintiff from his position on April 14, 2005.

19. This demotion followed an arbitration at which DOCS capitulated and offered no substantive defense of the upgraded job qualifications which caused the selection of the plaintiff.

20. While senior staff at his own facility supported plaintiff's maintaining his position and the heightened standards which he met, DOCS failed and refused to appropriately defend these standards.

21. No rational or non pre-textual reason justified defendant's refusal to explain to the arbitrator a good faith basis for the upgraded job standards.

22. But for plaintiff's national origin, defendant would have vigorously defended the qualifications required for the MS1 position.

23. Plaintiff is unaware of any other like challenge to job qualifications in which DOCS has so miserably failed to articulate a justification for its job requirements in triage arbitration

proceedings.

24. The heightened standards which plaintiff met and the grievants did not meet were plainly job-related and justifiable.

25. Plaintiff has remained in the position to which he was demoted since April 2005.

26. By dint of the discriminatory treatment he has received, plaintiff has lost at least $3,500 annually in salary with commensurate detrimental impacts on his projected pension benefits.

27. DOCS selected a white male, Ralph Voyers, for the MS1 position.

28. Voyers is a long time friend of the Deputy of Administration.

29. Voyers was less qualified than plaintiff for the position in question.

30. By demoting plaintiff, defendant caused him humiliation, embarrassed and mental anguish.

## CAUSES OF ACTION

31. Plaintiff incorporates paras. 1-30, as if fully re-written herein.

32. By failing to defend plaintiff's promotion, defendant discriminated against plaintiff on the basis of his national origin in violation of 42 U.S.C. sec. 2000e-5, et seq.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction over this matter;

b) empanel a jury to fair and impartially hear this matter;

c) award plaintiff compensatory damages as permitted by law;

d) reinstate plaintiff to the position of MS1 with back pay and benefits;

e) award plaintiffs legal fees and costs and

f) enter any other judgment which the interests of justice requires.

Respectfully submitted,

MICHAEL H. SUSSMAN, ESQ. (3497)

COUNSEL FOR PLAINTIFF

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991