UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
EDWARD VALENTIN,

                          Plaintiff,                        07-CV-7066 (CLB)(MDF)

       -against-                        **DEFENDANT'S ANSWER**

NEW YORK STATE DEPARTMENT
OF CORRECTIONAL SERVICES,              Jury Trial Demanded.

                         Defendant(s).
--------------------------------------------------------X

Defendant NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES ("DOCS"), by its attorney, ANDREW M. CUOMO, Attorney General of the State of New York, answers Plaintiff's complaint as follows:

      1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

      2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff is employed with DOCS.

      3.      Denies the allegations set forth in paragraph "3" of the complaint, except admits that DOCS is located in Albany, New York.

      4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff is currently employed at Downstate Correctional Facility.

      5.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "5" in that Plaintiff has not attached a right to sue letter from the EEOC conferring jurisdiction.

6.      Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff is of Hispanic national origin.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7"of the complaint, except admits that plaintiff was appointed to the position of Maintenance Supervisor 1 ("MS1") effective October 16, 2003.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.      Denies the allegations set forth in paragraph "11" of the complaint, except admits that the posted qualifications for the MS1 position was amended on or about August 29, 2003.

12.      Denies the allegations set forth in paragraph "12" of the complaint, except admits that Barbara DeSimone, a union representative, filed a grievance after the requirements were changed  and denies knowledge or information sufficient to form a belief as to DeSimone's race.

13.      Admits the allegations set forth in paragraph "13" of the complaint.

14.      Denies the allegations set forth in paragraph "14" of the complaint, except admits that a grievance was filed by several of plaintiff's coworkers who had greater seniority than him.

15.      Denies the allegations set forth in paragraph "15" of the complaint, except admits

that the grievance challenged DOCS upgrade of the posting requirements for the MS1 position.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admits plaintiff was in the MS1 position for more than 15 months.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17"of the complaint.

18.    Denies the allegations set forth in paragraph "18" of the complaint, except admits that plaintiff's appointment was rescinded effective April 14, 2005 pursuant to an arbitration award.

19.    Denies the allegations set forth in paragraph "19" of the complaint, except admits that plaintiff's appointment was rescinded following an arbitration proceeding.

20.    Denies the allegations set forth in paragraph "20" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the opinions of the senior staff at the plaintiff's facility.

21.    Denies the allegations set forth in paragraph "21" of the complaint.

22.    Denies the allegations set forth in paragraph "22" of the complaint.

23.    Denies the allegations set forth in paragraph "23"of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's knowledge.

24.    Denies the allegations set forth in paragraph "24" of the complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of  the allegations set forth in paragraph "25" of the complaint.

26.    Denies the allegations set forth in paragraph "26" of the complaint.

27.    Denies the allegations set forth in paragraph "27" of the complaint, except admits that Ralph Voyers was selected for the MS1 position.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.    Denies the allegations set forth in paragraph "29" of the complaint.

30.    Denies the allegations set forth in paragraph "30" of the complaint.

**CAUSES OF ACTION**

31.    Defendant restates its answers to paragraphs "1-30" as if fully stated herein

32.    Denies the allegations set forth in paragraph "32" of the complaint.

**PRAYER FOR RELIEF**

Denies that Plaintiff is entitled to any relief.

**AFFIRMATIVE DEFENSES**

1.    <u>First affirmative defense:</u>   Plaintiff's request for damages is barred to the extent that he has failed to mitigate.

2.    <u>Second affirmative defense</u>:  To the extent Plaintiff's complaint was not filed within ninety days of Plaintiff's receipt of a Notice of Right to Sue, the Complaint is jurisdictionally defective.

3.    <u>Third affirmative defense</u>:  To the extent that the Complaint is based upon conduct not the subject of a timely filed charge of discrimination, Plaintiff's claims are barred for failure to exhaust administrative remedies.

4.    <u>Fourth affirmative defense</u>:  Compensatory damages are limited to the amounts

4

authorized by 42 U.S.C. § 1981 a (b)(3)(D).

5.    <u>Fifth affirmative defense</u>:  42 U.S.C. §1981a(b)(1) bars Plaintiff from recovering punitive damages against a government entity for violation of Title VII.  Insofar as Plaintiff seeks punitive damages, such damages cannot be asserted against Defendant.

6.    <u>Sixth affirmative defense</u>:  All of the employment decisions made by Defendant or actions taken by Defendant were made for legitimate, non-discriminatory reasons.

7    <u>Seventh affirmative defense</u>:  Notwithstanding Defendant's denials and previous affirmative defenses herein, and without admitting Plaintiff's allegations, to the extent that Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, Defendant affirmatively states that it would have taken the same action in the absence of such impermissible motivating factor.

8.    <u>Eighth affirmative defense</u>:  The allegations contained in Plaintiff's Complaint are time-barred.

9.    <u>Ninth affirmative defense</u>:  Plaintiff has failed to state a claim upon which relief can be granted.

10.    <u>Tenth affirmative defense</u>:  Any actions taken by the Defendant were job related and consistent with business necessity.

11.    Eleventh affirmative defense: Plaintiff's claims may be barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

WHEREFORE, Defendant demands judgment dismissing this action, with costs,

disbursements and such other and further relief as the Court may deem appropriate.

Dated: October 5, 2007
        New York, New York

                        ANDREW M. CUOMO
                        Attorney General of the
                         State of New York
                        <u>Attorney for Defendant</u>


                By:     <u>/s Julinda Dawkins</u>
                        JULINDA DAWKINS
                        Assistant Attorney General
                        120 Broadway
                        New York, New York  10271
                        (212) 416-8118

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing Defendant's Answer to Plaintiff's

Complaint was served, via ECF on October 5, 2007 on:

      Michael H. Sussman, ESQ.
      SUSSMAN & WATKINS
      PO BOX 1005
      Goshen, New York 10924

              <u>/s Julinda Dawkins</u>
              Julinda Dawkins